Douglas Bourdon is that the correct pronunciation? Bourdon, your honor. Bourdon v. United States Department of Homeland Security. Mr. Shaw. Good morning, your honors. Ian Shaw for Appointment of Appellant Douglas Bourdon. With me is my colleague Kevin Gregg. May it please the court. This court's prior decision in Currapati v. USCIS controls this case and that's because the central issue we're asking this court to decide is whether an agency is exercising its discretion when it refuses to abide by its own regulations. Currapati says no. In 2006, Congress for the first time in the nation's history barred U.S. citizens from petitioning for their foreign relatives. Under the Adam Walsh Act, citizens who have been convicted of a specified offense against a minor can no longer sponsor their parents, children, or spouses to immigrate to the United States. But the law contains a crucial exception. If the Secretary of Homeland Security determines in her sole and unreviewable discretion that the citizen poses no risk to his foreign relative, the petition process can move forward. Here, that would mean that Mr. Bourdon could be reunited with his wife. The only question in this appeal is whether the DHS Secretary's subordinates are exercising her discretion under the AWWA provision when they violate binding agency regulations. If they are, Mr. Bourdon loses because both the AWWA and the INA's general discretionary bar under 8 U.S.C. section 1252 A2Bii make the Secretary's exercise of discretion. Mr. Bourdon, I think it's now five circuits that have held that, and I know they're not exactly in the same posture, and I know that in some of the cases that I've been able to look behind, I haven't looked at all of them, the arguments were not the same as the ones that are being made here. But nevertheless, there are four or five circuits which say that DHS's decision, either through the Secretary or through USCIS, to apply a beyond a reasonable doubt standard is so intertwined with the ultimate decision on the grave risk exception that it's non-reviewable. So what do you think about those cases? Well, I don't think any of those cases apply, Your Honor, and that's simply, as you noted, you know, the claims we're making here weren't addressed by those cases because the plaintiffs never raised them. Well, they did raise in part the argument that the Secretary or USCIS had improperly used, for some reason, not the ones you're addressing here, a different proof standard, right? Sure, and those cases held that the designation of a higher proof standard was in the Secretary's discretion within the statute, and the problem is that it's not, because matter of truth, the binding USCIS decision, which is binding on all DHS and USCIS employees by operation of 8 CFR 103.3C, it established preponderance of the evidence as the standard for all administrative immigration proceedings, unless there's law to the contrary. Here there isn't, and violating that regulation isn't a discretionary regulation. So your argument is that under Karapati we have jurisdiction to decide whether the Secretary, through USCIS, use the appropriate standard of review? Correct. And then just, if you are correct, to remand and then tell the appropriate authorities to apply the correct burden of proof standard and exercise what will then be unreviewable discretion? That's true. All of the other aspects of the decision in this case would be in the unreviewable discretion of DHS or USCIS, however you want to look at it. Why doesn't the sole and unreviewable discretion language take the government out from under Chouaf? So, Your Honor, the problem with that language is if we were to read it that way, the sole and unreviewable language would be completely superfluous. And that's because discretionary decisions are already barred from judicial review by the general bar under 8 U.S.C. 1252 A.2.B. That bars courts, and it specifies courts, from reviewing any discretionary decisions. So you could just have the word discretion in the AWWA provision and courts wouldn't be able to review the discretionary decisions. But the issue is in the context of immigrant visa petitions, the Board of Immigration Appeals by regulation actually has jurisdiction to review denials by DHS de novo. So that sole and unreviewable language is actually directed at the BIA to prevent the BIA from being able to review the discretionary decisions of DHS. And the BIA in matter of Asejas-Kuros, I think I'm pronouncing that right, actually reached the same decision. That was the exact same rationale that they pointed out. Do you have any Article III cases that read the language that way? Just that BIA decision, Your Honor. You can continue. Sure. So basically the two regulations that we're talking about here, and as I've sort of explained, is ACFR 103.3C. That regulation requires all DHS officials to follow the binding precedent established by the DHS Secretary. U.S.C. has violated this regulation when it required his wife under the criminal beyond any reasonable doubt standard. Doing so violated the precedent decision that I've already mentioned, matter of choweth, which set preponderance of the evidence as a standard for all administrative immigration proceedings. And I will point out one of the cases that the government relies on, Remner from the Eighth Circuit, that's the only case that actually mentioned matter of choweth. But that case only distinguished choweth on the basis that it was, in another context. And that context was in a naturalization proceeding. But choweth by its own term said that the preponderance of the evidence standard applies to all administrative immigration proceedings. The other regulation that U.S.C. has violated is 8CFR 103.2B16. And that requires U.S.C. to disclose adverse evidence used as a basis for the denial and provide the petitioner with a meaningful opportunity to rebut that evidence. U.S.C. has violated that condition reports that Mr. Bordone had visited. The agency had never provided Mr. Bordone with those reports or an opportunity to rebut them. So they also violated this notice regulation. And as Judge Jordan asked, you know, we're not asking the court to actually decide whether U.S.C. has violated these regulations, really just more to provide some background. We're just saying that under Kiripati, the district court had jurisdiction to at least consider whether these obstructing the district court that it does have jurisdiction to decide the merits of this very limited claim. Well, we would remand telling the district court that it has jurisdiction. Correct. What it does from there is up to the court, whether it might even send it back to the agency in regards to deciding which of these regulations or which of these provisions are you going to follow. We don't do anything other than that if we agree with you. It's just a remand, isn't that correct? And say, you've got jurisdiction. Correct, Your Honor. We would just want the court to remand to the district court to decide this limited claim. Including if we have jurisdiction, including whether or not there were any violations. That, I think, is up to the district court, Your Honor. So we really just want to remand for the district court to decide on the merits. And I guess one reason for that is since, you know, this case was dismissed so early and these claims were dismissed pursuant to 12B1, the administrative record, the whole So a merits decision is really probably best left for the district court after the administrative record has been produced by the agency. Almost treating it like a 12B6 dismissal in that respect. You don't address it, you just send it back and make sure that the district court has everything before it before it rules. Correct, Your Honor. Assuming we have jurisdiction. Correct, Your Honor. Why can't you read Kirpati as saying that the courts have authority to review the non-discretionary aspects of a given decision? That is what Kirpati says. And under Accardi and its progeny from the Supreme Court, violating an agency's own regulations is not within its discretion. So Kirpati does say that courts can review the non-discretionary aspects of a decision. And in this case, the violation of 103.3c in concert with matter of choice, that that is a non-discretionary action because it's a violation of the agency's own regulation. And what can sole and unreviewable discretion mean if it means that we get reviewed and say, well, you didn't take this into account or that into account, or the district court gets to review it? Sure. So no, the district court won't be able to review how the agency weighed the evidence, what evidence the district court looked at, or sorry, the agency looked at. The only question is whether the agency violated its regulations by using the beyond the reasonable doubt standard proof. You concede that whatever the agency does at the end of the day, right, is unreviewable. The ultimate decision? Yes. Right. You present whatever evidence you think is available. USCIA has whatever evidence it thinks it's relevant. And if in your view, the appropriate standard of proof is used, whatever USCIA decides, it's over. That's correct, Your Honor. With all these other circuits having made a different decision, if we were to decide that this question is reviewable and the district court ultimately determined that Choueth applies, doesn't that create a problem that the secretary is going to be applying beyond a reasonable doubt in one set of circuits and a preponderance in this circuit? I don't think so, Your Honor, because they've been applying the wrong standard this entire time. If anything, you know, the district court would be able to clarify that Choueth is the standard through the regulation. That has happened in the past, by the way, where a couple of circuits, here we have more than just a couple, but a couple of circuits have sort of said, okay, you're doing the right thing and affirm what the BIA has done. Other circuits then come behind and say, no, that's wrong. The BIA is incorrect. We're vacating and remanding. And what the BIA has done is not entitled to any deference or weight, told the BIA to start all over again. And then those other circuits go back and say, oh, we may have gotten it wrong. So that happens sometimes, right? It's just circuits split. I know. I think also that circumstance is a little different because I guess the BIA decisions that are getting overturned or affirmed, that's through the petition for review process. And I know, I guess the BIA operates a little bit differently than USCIS, but I don't see any problem with the district court, you know, correcting the agency when they clearly have it wrong here. All right, Mr. Shaw, thank you very much. You've saved your time for rebuttal. Thank you very much, Your Honor. Ms. Fick. Morning, Your Honors. Morning. May it please the court, Lindsay Fick on behalf of the government. We ask that this court affirm the district court's dismissal of this case for lack of jurisdiction. Now, counsel, before you just really swing into the argument that you've got, I've read this Currapatty 11th Circuit case forwards and backwards and how it came back for a motion for reconsideration. And I usually try not to ask a question unless I'm really bothered by something. Now, the 11th Circuit, and I've been reading some of their other, says, look, we as one panel are not going to be able to undo another panel unless a Supreme Court or an embanked decision has occurred. Would you please explain to me how you're going to get around Currapatty as to what it says on the issue of the jurisdiction and that they did not follow their own regulation when you've got two divergent statements by the agency as to what the burden is? Right now, for me, I can't speak for the panel. You've got a hard road to hoe to get around Currapatty. So help me out there. Of course, Your Honor. Well, I hope I can. So, yes, I'd like to address Mr. Bordone's first claim that the agency violated matter of chauveth when it imposed the beyond any reasonable doubt standard of proof. Our position is that chauveth is entirely distinguishable here. Matter of chauveth in no way created a rule that in all immigration proceedings, in all requests for immigration benefits, is there a standard of proof of preponderance of the evidence. Matter of chauveth specifically held that in most requests for immigration benefits, in general, the standard will be preponderance of the evidence. Matter of chauveth was an agency decision that applied in a completely different context. It was a naturalization proceedings. And there, if I could dig a little deeper, the agency was interpreting the phrase in the statute 8 U.S.C. 1427B, and that is the language to the satisfaction of the attorney general. And in that phrase, Congress did not provide an evidentiary standard of proof. So therefore, matter of chauveth held preponderance of the evidence. But counsel, the letter that I was reading and holding, it says that the burden of proof is going to be a preponderance of the evidence. I mean, that's, are you trying to tell me that that's only as to one specific type of case and that didn't apply generally to those decisions? That is in cases where there is not another standard specified by law. And if I could just note that the to the satisfaction of the attorney general language also exists in other portions of the INA, namely 8 U.S.C. 1154A2II, a marriage fraud provision, it also exists in combination with a clear and convincing evidence standard. So I make that point to say that the language at issue in chauveth was the to the satisfaction of the attorney general language, which can have or can bear a different standard of proof when language is provided by Congress. If you're asking us to do that, my personal feeling is that that's merits-based. That's not jurisdiction-based. In other words, that's, I know it's your alternative argument. I know it's not your first baseline argument, but that alternative argument is merits-based. In other words, it's, it is, their argument is that U.S.CIA has violated its own rules and regulations and procedures. They are wrong on that point because chauvet didn't go as far as they think it does. And there's actually room in the statute to allow for a beyond a reasonable doubt standard. That's merits, right? Which means we have jurisdiction. I. Right? I don't think it goes to the merits. I think you have. How can it be, how can it be jurisdictional if you're asking us to read the substantive opinion of the BIA differently or the AAO differently? I think you look at the plain text of the Adam Walsh Act here, the no risk determination in combination with the sole and unreviewable discretion language. That doesn't provide a standard of review. I mean, you may be right that chauvet is only limited to a certain circumstance, but the statutory text says nothing about a standard of review. It could be clear and convincing. It could be substantial evidence. It could be preponderance. It could be beyond a reasonable doubt. It could be any of those. And you could make any of those unreviewable, no matter what the secretary decides. How do you grab beyond a reasonable doubt from that lack of language? Right. Well, I guess the government's position is that the, the no risk language combined with the, the strong, just the extraordinary discretionary breath provided by statute mandates a higher burden of proof. It, um. Do you have any, has anybody ever said that? Not to my knowledge. You have a lot of authority supporting your proposition that there's no jurisdiction to review that issue. Right. But do you have any authority for the proposition that the act itself mandates a beyond a reasonable doubt standard? I don't. And that, and that is, I think specifically because this language doesn't exist anywhere else in the INA. The no risk, the sole and unreviewable discretion, you don't find it anywhere else in the INA to, to my knowledge. And I take you through a couple of hypotheticals. Sure. And so just bear with me. So let me ask you the first one. They're all on the same train, just so you know where I'm headed. And I want to see what the limits of your jurisdictional position is. Assume that there is a statute created by Congress, duly passed and enacted, which says this grave risk determination by the secretary shall be made under a preponderance of the evidence standard. And then there's also the language that says that decision, sole unreviewable, whatever. The secretary in a written opinion says, I am using the clear and convincing test. Says it expressly. I don't care about the statute. Do you have review? I believe so. That would, that would go directly against the statute, which. So what, so, so your argument is that Chauha doesn't have the force and effect of a statute? No, it does not. Why not? It was an agency decision in a different context. That's precedential. It is precedential. You just think, you just think it's limited, but it's precedential, right? Correct. Correct. So if we think that Chauha covers this case, is there jurisdiction? If you think Chauha controls, then I believe there would be jurisdiction. Okay. I'm not totally ready to concede that, but as I consider that quickly here, I believe there would be. But Chauha, I think it's important to note that Chauha does not control here because it was looking at completely different statutory language. It was, and it in no way held a blanket rule that in all immigration proceedings, the standard is preponderance of the evidence. It said in most immigration proceedings, and then it also had qualifying language, which said, except where another standard is specified by law. All right. Let me take you to the second hypothetical, sort of along the same lines, but a little bit different. Okay. This time, there's no statute in place mandating a standard of review. But the secretary issues a decision which says, I am denying your petition under the grave risk standard because today is a Tuesday. And on Tuesday, I don't grant these petitions. Reviewable or unreviewable? Are we saying there's no Adam Walsh Act at all? No, there is an Adam Walsh Act. But the secretary says, your petition came to me on a Tuesday. I don't grant petitions on a Tuesday. I'm not looking at the merits of your case. I don't care what you've presented. I don't care what the evidence on the other side is. I'm not weighing anything. Today's just a wrong day of the week for you. Is there a jurisdiction to review? Right. I think that would go to a strong arbitrary and capricious argument. But you don't get there unless you have jurisdiction. If it's sole and unreviewable, why do we have jurisdiction to review? It would implicate procedural due process, I believe. It doesn't matter. It doesn't matter if it's sole and unreviewable, right? As a matter of fact, if you go along those lines and the secretary said, I'm denying your petition because you're a woman. Or I'm denying your petition because you're a man. End of story. If you're right about sole and unreviewable, nobody has jurisdiction to touch that decision. No matter what errors of procedure preceded it, right? Well, I believe and I haven't researched this fully because the constitutional issues were not an issue on appeal. No, I know these are hypotheticals. Right, right. But I believe if there are serious constitutional concerns, then that would give this court jurisdiction. Oh, how do you read the statutory language to allow for that safety valve, but not others? Well, I think when there are overarching constitutional concerns, that gives the court jurisdiction. From where? Again, it's not. Because it doesn't feel right, right? But I'm sorry. Because it doesn't feel right. You can't imagine a world, a rational world, in which that sort of a decision is insulated from review, right? Correct. Correct, Your Honor. So how do we, if you're right about how to draw that line and how to splice it, how do we explain that division statutorily? Well, again, I think you just- Sole and unreviewable means sole and unreviewable only when, finish the sentence. Only when, well, I think it's sole and unreviewable when all the procedures are complied with. So they're right. If Chauha covers this case, we have jurisdiction. Well, but our position is that Chauha does not control on this. Completely understood. That's your alternative argument. You've briefed it and preserved it. I understand that. But if Chauha covers this case, if it does, and the preponderance standard applies to everything in the code that doesn't have a standard of review, then they have a procedural argument that's covered by Karapati. Right. Right, Your Honor. If that's right, we can remand to the district court to see whether or not they are, in fact, right. They may be right. They may be wrong. But all we're saying is, district court, you've got to decide whether or not Chauha extends that far or not. Correct. Correct. But I would strongly urge the court that Chauha in no way applies to this case. Again, it was... You think we have jurisdiction to do that? If you're asking us to take that step, you're asking us to reach the merits of their claim. Well, no, I think this court has jurisdiction to review its own jurisdiction. And that involves... But that's not jurisdictional. That's substantive. That's whether or not they're right about the merits of their procedure claim, that the Secretary or here, USCIA applied an incorrect standard of review. Or am I just mistaken? I could be completely mistaken about that. You think that the question of whether or not Chauha applies in this scenario is itself a jurisdictional question? Yes. Yes, I do. How so? Because they're basing their entire argument on jurisdiction, their jurisdictional argument on Chauha as the basis for what the agency violated when it reviewed his petition and by adopting that standard of proof. That's not merits-based? Not in my opinion, Your Honor. Okay. They're also making a notice argument. Yes. And so with respect to the claim that the agency violated the notice regulation, our position is that the government's notice obligation was not even triggered here because it was Mr. Bourdon himself who injected the issue of his travel to Vietnam and Thailand into the analysis in his visa petition. The country reports were not used as evidence against him. They were used simply as support for why the government didn't find Bourdon's evidence persuasive. I will say that that may or may not be right. But again, I think that sounds a lot like a merits argument rather than a jurisdictional argument that we or the district court can't even consider whether the notice requirement was in place for this particular determination. Well, I think a petitioner can't simply allege a violation and just open the door to jurisdiction. I think the petitioner has to establish some factual basis that a violation occurred in order to get jurisdiction under cura pati. They can't just raise their hand and say, violation of binding regs and get in the door. So here our position is that he was the one who in fact stated in the complaint that he can no longer travel to Vietnam because of his conviction and his status as a sex offender. So he knew that by sending in that information, which was not requested by the agency, implicated the negative information that the agency was already considering with respect to his crime. So that may be true. And if you were challenging that decision on a merits basis, I think it's pretty clear from the statute that we would say, well, we can't decide that. But when he's saying instead, first of all, the government applied the wrong standard of proof as mandated by law. And second of all, the government was required to follow these particular notice proceedings. Those are different arguments than, well, those things don't really apply. Instead, the argument is you can look at, you courts, federal courts can look at these sets of requirements, but not the substantive decision. Why is that argument incorrect? Well, Your Honor, the argument is incorrect because the regulations and the agency decision that the petitioner points to in this case simply do not apply and they were not triggered in this case. And I see my time is up. You can finish answering Judge Grant's question if you're done, and that's perfectly fine too. If I could just make one final point. Sure. It's about the 12B6 determination. So even if you do find you have jurisdiction, under this court's precedent, the court should affirm the dismissal on the basis of failure to state a claim. Generally, the court can affirm dismissal of a complaint on any ground supported by the record, even if the ground was not considered by the district court. And below the other constitutional claims raised by the petitioner were dismissed on the basis of failure to state a claim. And so we would urge that even if this court finds it has jurisdiction, also affirm the dismissal on that basis. All right. Thank you very much. Thank you. Really appreciate it. Your Honors, I'd like to first address that last point by counsel regarding her 12B6 argument. The government only moved to dismiss this very limited specific claim. We had a lot of claims and none of those are being appealed right now. So the government only moved to dismiss under 12B1 for lack of subject matter jurisdiction. The court only ruled under 12B1. So if this court rules in our favor that the district court does have jurisdiction to decide our limited regulatory claim here, there's no way to just dismiss the whole case because the district court would still have to decide the actual merits of our claims of the violation of the record. The government didn't assert 12B6 grounds on the two claims that you're appealing? Correct. Just 12B1. On those claims? Correct. So the district court never even considered whether or not we did state a claim for this specific. No, I know it didn't consider it. But if the government moved for dismissal under 12B6, that could potentially be an alternative grounds for affirmance. Correct. At least generally speaking. Right. But we're only talking about 12B1 here, Your Honor. And then I guess one last point I'd like to make is that, you know, Congress did legislate with knowledge that the executive agencies had been using the preponderance of the evidence standard for immigration proceedings for just about every program under the INA. Where it's wanted a higher standard, it actually has specified in the statute. One example in the same statute is Section 1154A2A where Congress expressly included the clear and convincing standard. So if Congress doesn't establish a higher standard of proof than what it already knows executive agencies use, there's no way to read a higher standard into the actual statute. But unless the court has any further questions, I would just close by thanking the court for its time and requesting a remand of the district court to decide the merits of these claims based on the violation of the agency's regulations. All right. Thank you, Mr. Shaw. Thank you both very much.